## LEO GOLD ET AL. *v.* TOWN OF EAST HADDAM
## (AC 27952)

Bishop, Gruendel and Mihalakos, Js.

Argued June 4—officially released August 21, 2007

*Leo Gold,* for the appellants (plaintiffs).

*John S. Bennet,* for the appellee (defendant).

*Opinion*

BISHOP, J. The plaintiffs, Leo Gold, Joan S. Levy and Harold Bernstein and Joseph Lieberman, executors of the estate of Bernard Manger, filed this action seeking to enjoin the defendant, the town of East Haddam, from acquiring their property by eminent domain on the ground that the defendant did not timely file its statement of compensation with the trial court. The plaintiffs appeal from the summary judgment the trial court rendered in favor of the defendant. On appeal, the plaintiffs contend that the court improperly found that the defendant sought to take their property for solely school purposes and, therefore, was not bound by the time limitation for the acquisition of property as set forth in General Statutes § 48-6. Because an issue of fact exists as to the purpose of the taking, we conclude that the court improperly rendered summary judgment.

The court found the following undisputed facts. "[The plaintiffs] were . . . the owners of real property in the town of East Haddam. On June 17, 2004, the [defendant] held a special meeting for the purpose of considering and discussing the acquisition by purchase or eminent domain of the plaintiffs' property. On June 24, 2004, the governing body of the condemner by town meeting

voted to acquire the plaintiffs' property. The referendum vote was, in relevant part, on the question of: '1. Shall the Town of East Haddam appropriate $24,500,000 for the New Middle School Project including, but not limited to, (a) the acquisition by purchase or eminent domain of approximately 226 ± acres of real property located off Clark Gates Road, East Haddam on the following parcels: Map # 74, Lot 3, Map # 73, Lot 20-1, Map # 74, Lot 009A, provided, however approximately 30 ± acres be used for the New Middle School Project, approximately 50 ± acres be used for general purposes and the remaining real property of approximately 146 ± acres be designated as open space, (b) the construction of a new middle school of approximately 96,000 square feet to house grades 4-8, (c) the construction of parking areas and drives, ball fields and soccer fields, (d) site improvements and (e) all alterations, repairs and improvements in connection therewith . . . and authorize the Board of Selectmen to acquire such real property.' On or about January 6, 2006, the [defendant] filed a statement of compensation in the Superior Court . . . by which it seeks to take by condemnation the plaintiffs' real property."

By complaint dated February 6, 2006, the plaintiffs filed this action, claiming that the defendant failed to commence the condemnation proceeding within six months after the vote authorizing the acquisition of the property as required by § 48-6 and that the vote, therefore, was void.[1] The defendant subsequently filed

---

[1] General Statutes § 48-6 (a) provides: "Any municipal corporation having the right to purchase real property for its municipal purposes which has, in accordance with its charter or the general statutes, voted to purchase the same shall have power to take or acquire such real property, within the corporate limits of such municipal corporation, and if such municipal corporation cannot agree with any owner upon the amount to be paid for any real property thus taken, it shall proceed in the manner provided by section 48-12 *within six months* after such vote or such vote shall be void." (Emphasis added.)

a motion for summary judgment, claiming that General Statutes § 10-241a,[2] which does not have a time limitation, governs the acquisition of property by condemnation for school purposes, and, because the defendant was taking the plaintiffs' property to build a school, the six month time limitation did not apply. The plaintiff filed a cross motion for summary judgment, claiming that because the voters approved the land acquisition not only for school purposes but also for other municipal and open space purposes, § 48-6, and not § 10-241a, applied. The court found that the plaintiffs' property was being acquired solely for school purposes and that the time limitation of § 48-6 therefore did not apply. Accordingly, the court granted the defendant's motion for summary judgment and denied the plaintiffs' motion for summary judgment. This appeal followed.

As an initial matter, we set forth the applicable standard of review. "Because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary. . . . The law governing summary judgment and the accompanying standard of review are well settled. Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will

[2] General Statutes § 10-241a provides in relevant part: "Any local or regional school district may take, by eminent domain, land which has been fixed upon as a site, or addition to a site, of a public school building, and which is necessary for such purpose or for outbuildings or convenient accommodations for its schools, upon paying to the owner just compensation, provided such taking is with the approval of the legislative body of the town, and in the case of regional school districts, subject to the provisions of section 10-49a, and in each case in accordance with the provisions of sections 8-129 to 8-133, inclusive. The board, committee or public officer empowered to acquire school sites in such school district shall perform all duties and have all rights prescribed for the redevelopment agency in said sections with respect to such taking. . . ."

make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . .

"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent." (Citation omitted; internal quotation marks omitted.) *DaGraca* v. *Kowalsky Bros., Inc.*, 100 Conn. App. 781, 785, 919 A.2d 525, cert. denied, 283 Conn. 904, 927 A.2d 917 (2007). "In ruling on a motion for summary judgment, the court is not to decide issues of fact; its function is to determine whether there are genuine issues of material fact." *Vaillancourt* v. *Latifi*, 81 Conn. App. 541, 544 n.4, 840 A.2d 1209 (2004).

Here, the defendant claims that it sought to take the plaintiffs' property solely for the school project. In opposition to the defendant's motion for summary judgment, the plaintiffs submitted the referendum question put before the voters that stated that part of the plaintiffs' property would be used for the school project, a larger part would be used for general municipal purposes and the majority would be designated as open space. In support of its motion for summary judgment, the defendant presented affidavits from James Ventres, the defendant's land use administrator, and Bradley Parker, the first selectman. In his affidavit, Ventres stated that the plaintiffs' property was sought for "the

sole purpose of development of the middle school facility project and accessories thereto." He stated that the project, as currently planned, would consume approximately sixty-one acres, including building location, access roadways, necessary sloping and fill along the access ways at the school site, and for septic fields and playing fields. He stated that another approximately twenty-two acres constituted land that might be developed into additional playing fields or related school facilities in the future. Ventres stated that "the entire balance of the site is either not subject to development or is substantially constrained by the location of wetlands, ponds, steep slopes and other similar constraints."

In his affidavit, Parker reiterated that the only planned use for the plaintiffs' property was the school project. Parker explained that "[t]he [r]esolution put before the voters . . . by [r]eferendum describes three elements of the property to be acquired for purposes of the school project simply as a way to inform the voters . . . of how the property acquired would be adapted to the use for the public school project and future expansion and buffer of adjacent neighborhoods." Although the affidavits submitted by the defendant support the claim that it sought the plaintiffs' property solely for the school project, the language of the referendum question submitted to the voters, when viewed in a light most favorable to the plaintiffs, suggests that only a portion of the property was being taken for school purposes and that other portions were being taken for general purposes or designated as open space. The affidavits, read together with the referendum notice, create a factual question as to whether the taking was intended solely for school purposes or also included general municipal purposes. In the face of this unresolved issue, we conclude that there was a question

of material fact and that summary judgment was, therefore, inappropriate.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.